UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| ROY EUGENE HARRIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 2:04CV00073 AGF |
| JIM MOORE, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' joint motion to dismiss the complaint. For the reasons set forth below, the motion shall be denied. Plaintiff Roy Eugene Harris, a Missouri inmate, filed this action pro se under 42 U.S.C. § 1983 against six prison officials, three at the Northeast Correctional Center (NECC) and three at the Moberly Correctional Center (MCC). Plaintiff alleges that while he was incarcerated at NECC, Defendants Jim Moore (Superintendent of NECC), Mary Riorden (Assistant Superintendent at NECC), and Tommy Barnhart (Chaplain at NECC), limited him to attending only one of the numerous Christian services, while allowing Muslim inmates to attend several services a week. Plaintiff claims that this violated his First Amendment religious freedom rights.

Plaintiff further claims that these Defendants, as well as the MCC Defendants, James Gammon (Superintendent of MCC) and Tom Anderson (Assistant Superintendent of MCC), and Defendant Steve Long (Assistant Director of Adult Institutions), violated his religious rights, as well as his free speech rights, by intercepting mail from his wife

which contained scripture references. Plaintiff seeks actual and punitive damages against all Defendants in their individual capacities, and in their official capacities "if permissible under federal law." Plaintiff asserts in his complaint that he exhausted the prison grievance system. Defendants posit four bases for dismissal of the complaint: failure to exhaust administrative remedies, failure to state a claim, qualified immunity, and respondeat superior.

**Exhaustion of Administrative Remedies**

Under 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act (PLRA), a prisoner cannot bring a § 1983 action with respect to prison conditions without first exhausting his available administrative remedies. The requirement that a prisoner exhaust prison grievance remedies applies to all prisoners seeking redress for prison "circumstances or occurrences," even when the prisoner seeks relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002); Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001).

If exhaustion of administrative remedies is not completed at the time of the filing of the lawsuit, dismissal of the action is mandatory under the PLRA. Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003). The assertion that a plaintiff failed to exhaust all available administrative remedies as required under the PLRA is an affirmative defense; it is the burden of the defendant asserting this affirmative defense to plead and prove it. Foulk, 262 F.3d at 697.

The Missouri prison grievance process provides that an inmate must first file an Informal Resolution Request (IRR) within 15 days of the incident at issue. A response

2

from prison officials is due 30 days later. Second, the inmate may appeal the IRR response by filing an Inmate Grievance within five working days of receipt of the IRR response. Another response from the prison is due 30 days later. Third, if the inmate is not satisfied with the grievance response, he may file an Inmate Grievance Appeal within five working days of the response. Fourth, if the inmate does not obtain a satisfactory response to the appeal, he may file a second appeal. Smith v. Stubblefield, 30 F. Supp. 2d 1168, 1174 (E.D. Mo. 1998). This grievance procedure should be considered fully exhausted after completion of the first appeal, i.e., step three in the process. Id.

Defendants here do not argue that Plaintiff did not file an IRR about his complaints or take his complaints through the grievance appeal process. Rather, they argue that he failed to exhaust administrative remedies as to them because he did not name them in his IRR or appeals. Attached to Defendants' memorandum in support of their motion to dismiss is Plaintiff's grievance record pertaining to his two present claims. As to each claim, Plaintiff received a Superintendent's Response at NECC denying his grievance. The record also includes a grievance appeal response from Defendant Long with regard to the Plaintiff's complaint about mail from his wife. This response states that the mail in question was returned to Plaintiff's wife pursuant to prison mail policy, because the letters were too long.

In response to Defendants' motion to dismiss, Plaintiff asserts that he fully exhausted his claims while at NECC, and that he grieved the intercepted mail matter after he was transferred to MCC, which followed the same mail room policy as NECC, but withdraw his grievance because he was told it was against prison regulations to file a

duplicative grievance on a matter already resolved against an inmate. The record includes a copy of an Offender Grievance filed by Plaintiff at MCC about the mail issue, which indicates that Plaintiff then withdrew the grievance.

The underlying principle of the § 1997e(a) exhaustion requirement is to give notice to administrators and allow policy makers to change their behavior. Thomas v. Woolum, 337 F.3d 720, 725 (6th Cir. 2003); Neal v. Goord, 267 F.3d 116, 120 (2d Cir. 2001). Here, Plaintiff pursued the prison grievance procedure as to both claims until he received a response from the supervisory decision maker. The named Defendants are individuals in decision or policy making positions with respect to Plaintiff's claims. Under the circumstances, the Court does not believe that Plaintiff's failure to refer to Defendants by name in his grievances is a valid reason for dismissing his claims for failure to exhaust administrative remedies. This is not a situation where a prisoner does not mention in the internal grievance procedure that a certain prison guard was involved in allegedly unconstitutional conduct, and the prisoner later includes this guard in a § 1983 lawsuit. In such cases, the claim against the guard is rightly dismissed for failure to exhaust prison remedies as to him. See, e.g., Curry v. Scott, 249 F.3d 493 (6th Cir. 2001). Here, the Court concludes that Plaintiff has satisfied the exhaustion requirement and may proceed in this action against the named Defendants.

**Failure to State a Claim/Qualified Immunity**

The Court also concludes that Defendants' argument that the complaint should be dismissed for failure to state a claim is without merit. "Given the Federal Rules'

4

simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); see also Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Furthermore, a pro se complaint is entitled to liberal construction. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "[S]uch pleadings must nonetheless not be conclusory and must set forth the claim in a manner which, taking the pleaded facts as true, states a claim as a matter of law." Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004).

Here, Plaintiff claims that prison policy deprived him of his free exercise of religion and free speech rights. At this point in the proceedings, the Court cannot say that there exists no set of facts under which Plaintiff would be entitled to relief on each of his claims. See, e.g., Thomas v. Gunter, 32 F.3d 1258, 1260-61 (8th Cir. 1994) (reversing district court's grant of summary judgment to prison officials on prisoner's claim that denial of daily access to a sweat lodge violated his constitutional rights, where there was a genuine fact issue as to whether the denial was rationally related to a legitimate penological interest); Murphy v. Missouri Dep't of Corr., 372 F.3d 979, 985 (8th Cir.), cert. denied, 125 S.Ct. 501 (2004) (prison regulations involving the review of incoming mail must be rationally related to legitimate penological interest).[1]

---

[1] Defendants' argument in their reply brief that Plaintiff cannot state a claim under the Religious Freedom Restoration Act of 1963, which was declared unconstitutional in 1997, is of little consequence in light of the subsequent enactment of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq.

Similarly, on the record before it, the Court cannot hold that Defendants are entitled to qualified immunity. See Thomas, 32 F.3d at 1261; Weaver v. Clarke, 45 F.3d 1253, 1255 (8th Cir. 1995) (because qualified immunity is an affirmative defense, "it will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint"). Qualified immunity requires a two-step analysis. First, the court must determine whether the plaintiff has alleged the violation of a constitutional right. Second, the court must determine whether that right was "clearly established" at the time of the alleged violation. Sparr v. Ward, 306 F.3d 589, 593 (8th Cir. 2002). In determining the validity of a qualified immunity defense, "the issue is not whether the defendant acted wrongly, but whether persons would know they acted in a manner which deprived another of a known constitutional right." Id. It may well be that Defendants will establish their right to judgment and/or to qualified immunity as the record in the case develops, but as stated above, this determination cannot be made at this point in the proceedings.

**Respondeat Superior**

Defendants argue that Plaintiff's claims against them should be dismissed to the extent that they are sued "merely because of their supervisory positions." Defendants are correct that a supervisor cannot be held liable under § 1983 for constitutional violations committed by a subordinate. See, e.g., McDowell v. Jones, 990 F.2d 433, 435 (8th Cir. 1993). Here, however, Defendants are not being sued based upon the actions of subordinates, but

---

See Murphy, 372 F.3d at 986-87.

upon their own decisions with regard to Plaintiff's claims; accordingly, Defendants' respondeat superior argument is without merit. See id. (a plaintiff can proceed under § 1983 against a supervisory defendant who actually knew of, and was deliberately indifferent to or tacitly authorized the alleged unconstitutional acts); see also, e.g., Thomas, 32 F.3d 1258 (prison superintendent and assistant superintendent sued under § 1983 by inmate alleging violation of his religious freedom).

## CONCLUSION

Accordingly,

**IS HEREBY ORDERED** that Defendants' motion to dismiss the complaint is **DENIED**. [Doc. #8]

                                                  _/s/ Audrey G. Fleissig_
                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of August, 2005.