UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROY EUGENE HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:04CV00073 AGF |
| ) | |
| JIM MOORE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for leave to amend his complaint by adding two defendants and dismissing one defendant. For the reasons set forth below, the motion shall be granted.

Plaintiff Roy Eugene Harris, a Missouri inmate, filed this action pro se under 42 U.S.C. § 1983 against six prison officials, three at the Northeast Correctional Center (NECC), and three at the Moberly Correctional Center (MCC). Plaintiff alleges that while he was incarcerated at NECC, Defendants Jim Moore (Superintendent of NECC), Mary Riorden (Assistant Superintendent at NECC), and Tommy Barnhart (Chaplain at NECC), limited him to attending only one of the numerous Christian services at the prisons, while allowing Muslim inmates to attend several services a week, in violation of his constitutional rights.

Plaintiff claims that these Defendants, as well as the MCC Defendants -- James Gammon (Superintendent of MCC), and Tom Anderson (Assistant Superintendent of MCC) -- and Defendant Steve Long (Assistant Director of Adult Institutions), violated his

religious rights, as well as his free speech rights, by intercepting mail from his wife which contained references to Scripture. Plaintiff seeks actual and punitive damages against all Defendants in their individual capacities, and in their official capacities "if permissible under federal law." Defendants' joint motion to dismiss the complaint for failure to exhaust administrative remedies, failure to state a claim, and qualified immunity was denied by the Court (Doc. # 17).

Plaintiff filed the present motion on February 27, 2006, seeking to add two individuals as defendants: Wendy Alexander, the mailroom supervisor at NECC; and Terry Barnes, the mailroom supervisor at MCC. Plaintiff asserts that through disclosure materials he received from Defendants on February 17, 2006, he learned that these two individuals initially sent Plaintiff's mail back to his wife without following proper prison procedures. Plaintiff also seeks leave to dismiss Defendant Barnhart.

Defendants argue that Plaintiff's motion to add the new proposed defendants should be denied because (1) Defendants would be unduly prejudiced if Plaintiff were allowed to add new defendants and "alter the complexity of the case at this state of the litigation," (2) failing to follow prison procedures does not state a claim under § 1983 for relief, and (3) allowing Plaintiff to add these individuals as defendants would result in Plaintiff circumventing the administrative exhaustion requirement. Upon review of the record, the Court finds these arguments unpersuasive. A fair reading of Plaintiff's claim against the two individuals in question establishes that he is seeking redress for their violation of his First Amendment rights, not for violation of prison rules. Plaintiff has adequately exhausted the prison grievance system as to the claims before the Court.

Plaintiff's motion was filed in a timely manner and within the deadlines set forth in the Case Management Order governing this case, and the Court perceives no undue prejudice resulting from granting Plaintiff's motion.

Accordingly,

**IS HEREBY ORDERED** that Plaintiff's motion (Doc. #23) for leave to amend his complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall add Wendy Alexander and Terry Barnes as Defendants in this action. The Clerk shall also issue process or cause process to issue upon these Defendants, by serving them with a copy of the complaint, Plaintiff's motion to amend (Doc. #23), and this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant Tony Barnhart is dismissed from this action.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of March, 2006.