UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROY EUGENE HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:04CV00073 ERW |
| ) | |
| JIM MOORE, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Defendants Jim Moore, Mary Riorden, James Gammon, Tom Anderson, Sherry Blattel-Dunseith, Steve Long, Wendy Alexander and Terry Barnes' ("Defendants") Motion to Dismiss Plaintiff's First Amended Complaint for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) [doc. #66].

### I.     BACKGROUND FACTS

From approximately November 11, 2003 to April 15, 2004, Plaintiff was incarcerated at the Northeast Correctional Center ("Northeast") located in Bowling Green, Missouri. From approximately April 15, 2004 to November 10, 2005, Plaintiff was incarcerated at the Moberly Correctional Center ("Moberly") in Moberly, Missouri. Both Northeast and Moberly, as prisons within the Missouri Department of Corrections, are facilities that receive Federal financial assistance. Although Plaintiff has been incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri since approximately November 10, 2005 until the present, all of the

1

alleged violations by Defendants occurred while Plaintiff was incarcerated at Northeast and Moberly.

Plaintiff is a born again Christian and an ordained minister in the Pentecostal Assemblies of the World Church; ordained through the Universal Life Ministries Church. Plaintiff believes that he must attend religious services whenever it is practical, as these services are an essential component of his faith. In his complaint, Plaintiff asserts that he attends religious services while incarcerated to celebrate his faith in a communal and supportive atmosphere. Plaintiff claims that while he was incarcerated at Northeast, the prison staff restricted his religious service attendance to one service per week. This restriction was enforced despite the fact that the prison offered numerous Christian services per week and other inmates of other faiths were allowed to attend several religious services per week.

Plaintiff's wife is also a minister with the Pentecostal Assemblies of the World Church. Plaintiff's wife ministers to Plaintiff through the U.S. Mail while he is incarcerated and often includes scripture passages from the Bible in her mailings to Plaintiff. Plaintiff claims that the prison staff at Northeast and Moberly prevented him from receiving letters from his wife that included more than five pages of religious material. Plaintiff was allowed to receive mail longer than five pages in length if it did not contain religious material.

Aside from his claims against Sherry Blattel-Dunseith, Plaintiff asserts that he has exhausted his administrative remedies with respect to all counts alleged in his complaint. Plaintiff states that he has filed both Informal Resolution Requests and formal grievances at the facilities in which he was incarcerated as to each grievance presented. Finally, Plaintiff states that he has filed grievance appeals at the relevant facilities where he was incarcerated. Each of Plaintiff's

grievances was denied.

## II. PROCEDURAL BACKGROUND

On October 13, 2004, Plaintiff filed suit against all named Defendants, with the excepttion of Defendant Blattel Dunseith, alleging violations of his constitutional rights. On June 23, 2006, after previously appearing on this issue pro se, Plaintiff was appointed counsel. On August 4, 2006, Plaintiff filed his First Amended Complaint. The Plaintiff's First Amended Complaint contains seven counts. Counts I through IV involve the staff at Northeast: Count I claims violation of Plaintiff's First Amendment right to freedom of religious expression; Count II claims violation of Plaintiff's right to freedom of expression under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"); Count III claims violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment; and Count IV claims a Fourteenth Amendment Equal Protection violation. Counts V through VII involve the staff at Moberly: Count V claims violation of Plaintiff's First Amendment right to receive mail; Count VI claims violation of Plaintiff's right under RLUIPA to receive mail; and Count VII claims violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff's First Amended Complaint also introduced a new defendant, Sherry Blattel-Dunseith. On August 25, 2006, Defendants filed a Motion to Dismiss all counts for failure to exhaust administrative remedies under PLRA and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## III. LEGAL STANDARD

The standard for motions to dismiss is well established. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond

a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *See Breedlove v. Earthgrains Banking,* 140 F.3d 797, 799 (8th Cir. 1998) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *See Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *See Schuer v. Rhodes*, 416 U.S. 232, 236 (1976) (Overruled on other grounds, see *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

## IV. DISCUSSION

Defendants argue that Plaintiff has failed to exhaust all his administrative remedies, as required by the PLRA, as to all Defendants and all claims raised in his First Amended Complaint and therefore the case should be dismissed. Plaintiff claims that he has exhausted his administrative remedies as to all claims against all but one Defendant, and has further requested leave to amend, to remove the unexhausted Defendant. Plaintiff argues that once his complaint is amended to remove the unexhausted Defendant, he should be able to proceed against the

4

remaining Defendants.

## A. AFFIRMATIVE DEFENSE

In Plaintiff's Opposition to Defendants' Motion to Dismiss, Plaintiff argues that since failure to exhaust under the PLRA is an affirmative defense, Defendants have failed to plead and prove exhaustion as required for such affirmative defenses. Plaintiff correctly asserts that failure to exhaust administrative remedies is an affirmative defense that must be plead under Rule 8(c) of the Federal Rules of Civil Procedure. *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001) ("[W]e recognize that reliance upon the PLRA exhaustion requirement is an affirmative defense under Fed.R.Civ.P. 8(c)."); *see also Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) ("This circuit considers the PLRA's exhaustion requirement to be an affirmative defense that the defendant has the burden to plead and to prove."). In their Motion to Dismiss, which acted as the responsive pleading to Plaintiff's First Amended Complaint, Defendants expressly state that Plaintiff did not exhaust his administrative remedies and therefore Plaintiff's motion should be dismissed. Defendants further attached copies of Plaintiff's grievances to support their claim. "An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." Wright & Miller, *Federal Practice and Procedure*, §1274, at 616-617. Defendants have sufficiently plead their affirmative defense and so have met their burden.

## B. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AS TO ONE DEFENDANT

Defendants first argument is that dismissal is required because Plaintiff has failed to exhaust his administrative remedies as to Defendant Blattel-Dunseith. Defendant Blattel-Dunseith is one of eight named Defendants, but is not claimed to be singularly responsible for any one

count brought by the Plaintiff. Plaintiff concedes that he has not exhausted his administrative remedies as to Defendant Blattel-Dunseith and has requested leave to amend his First Amended Complaint to dismiss Defendant Blattel-Dunseith, while proceeding against the remaining Defendants. The question that this Court must address, is whether Plaintiff's suit must be dismissed in its entirety, or whether leave to amend should be granted in order to dismiss the one unexhausted defendant and proceed against the remaining Defendants.

1. **EXHAUSTION REQUIREMENT**

The Prison Litigation Reform Act of 1996 amended 42 U.S.C. § 1997e(a) to require exhaustion: "No action shall be brought with respect to prison conditions under section 1983 of this title, or *any other federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The PLRA exhaustion requirement is mandatory. *See Booth v. Churner*, 532 U.S. 731, 739 (2001). This circuit has also found that "[w]hen multiple prison condition claims have been joined . . . the plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims." *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000); *see also Abdul-Muhammad v. Kempker*, 450 F.3d 350, 352 (8th Cir. 2006) (Held that "a prisoner who files a complaint in federal court asserting multiple claims against multiple prison officials based on multiple prison grievances must have exhausted each claim against each defendant in at least one of the grievances."). Further, "if exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

*Abdul-Muhammad* mandates dismissal where a plaintiff has not exhausted his administrative remedies as to each individual defendant named in a single suit. 450 F.3d at 352.

6

In other words, failure to exhaust administrative remedies as to one defendant is failure to exhaust administrative remedies as to all defendants. Since Plaintiff has not exhausted his administrative remedies as to Defendant Blattel-Dunseith, he has failed to exhaust his administrative remedies as to all of his claims. Plaintiff would, however, have exhausted his claims against all of the defendants prior to the commencement of his suit if he is allowed to amend his complaint and remove Defendant Blattel-Dunseith. Defendants argue, under the reasoning of *Abdul-Muhammad,* that Plaintiff's failure to exhaust as to one Defendant mandates dismissal of Plaintiff's First Amended Complaint in its entirety.

Although Defendants' argument for dismissal is persuasive, the cases cited do not address the issue of whether Plaintiff should be granted leave to amend. The plaintiff in *Abdul-Muhammad* never requested leave to amend his complaint in order to dismiss the defendant against whom his claims were not exhausted, and so the court never addressed the question. 450 F.3d at 350-352. Moreover, none of the cases cited as support for dismissal in *Abdul-Muhammad* involved a plaintiff that requested leave to amend his complaint in order to correct a fatal defect. *Id*. at 352. Plaintiff correctly cites *Kozohorsky v. Harmon* as controlling regarding the facts of this case. 332 F.3d 1141 (8th Cir. 2003). The plaintiff in *Kozohorsky,* did ask the court for leave to amend his complaint in order to dismiss the defendant against whom he failed to exhaust administrative remedies, and to proceed against the remaining exhausted defendants. 332 F.3d at 1143. These facts mirror the facts in the case at bar. *Kozohorsky* reversed a District Court ruling denying the plaintiff's motion to amend his complaint as an abuse of discretion, relying on the Supreme Court decision in *Rose v. Lundy*, 455 U.S. 509 (1982). *Kozohorsky*, 332 F.3d at 1144; *see also Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005) ("Although *Rose*

7

adopted a total exhaustion-dismissal rule, the Supreme Court. . . made clear that dismissal of an entire *action* is not always necessary.") (emphasis in original). *Rose* found that in the habeas context, dismissal of an action in its entirety is not required when a petitioner asserts both exhausted and unexhausted claims, and that the petitioner, "can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims." *Rose*, 455 U.S. at 520. Relying on *Rose*, the Eighth Circuit held that the plaintiff should have been given leave to amend, since amendment would cure the defect in that plaintiff's complaint that necessitated dismissal. 332 F.3d at 1144.

Further support for Laintiff's position is found in other court of appeal and circuit court decisions. The Ninth Circuit in *Lira v. Herrera*, held that "when a district court is faced with a mixed complaint containing claims that are closely related, the court should follow the approach set forth in *Rose* and its progeny: dismiss the complaint and allow the plaintiff the opportunity to amend his complaint to excise the unexhausted claims." 427 F.3d at 1176. Another example is *Robley v. Anderson*; in that case the plaintiff had administratively exhausted some, but not all of his claims and the court granted him leave to amend in order to dismiss the unexhausted claims even though leave to amend was not explicitly requested. 2004 WL 742089, at *2-*3 (D.Minn. Mar.4, 2004). The court found that "the Eighth Circuit has authorized construing a prisoner-plaintiff's objections to a magistrate judge's R&R as a motion for leave to amend," and had no real reason to deny the plaintiff that opportunity. *Id. See also Nash v. Ferguson*, 2006 WL 1600407, at *9 (W.D. Ark. June 6, 2006) ("[W]e believe it is proper, under the circumstances, to dismiss the unexhausted claims rather than the entire case . . . a plaintiff should be given leave to amend his complaint to cure the defect necessitating dismissal."). The case law strongly supports

8

allowing the plaintiff to amend, rather than dismissing the entire suit.

Policy considerations also favor allowing the Plaintiff to amend. The PLRA policy goals, as stated by the Ninth Circuit in *Lira*, and presented by the Supreme Court are to "reduce the quantity and improve quality of prisoner suits, by filtering out frivolous claims, satisfying some grievances, and developing an administrative record for use in cases that do go forward." *Lira*, 427 F.3d at 1174 (citing *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002)). *Lira* reasons that dismissing entire actions for want of exhaustion of one claim would *cause* the inefficiency that PLRA is trying to eradicate. *Id*. A petitioner who filed a mixed complaint "could often refile, including this time only the properly exhausted claims, while exhausting the remaining claims and filing another suit later," creating the possibility for a new suit that would be virtually identical to the one dismissed.[1] *Id*. Also, the court in *Lira* notes "that dismissal of the action for lack of total exhaustion could result in an inability to pursue the exhausted claim, because of a statute of limitations barrier or inability to pay a second filing fee." *Id*. at 1175. Allowing just the exhausted claims to move forward will preclude the petitioner from proceeding with his unexhausted claims without requiring him to file a second suit, presenting the most efficient way for a petitioner to have quality suits adjudicated on their merits.[2]

The cases as stated above show that the more appropriate option, when a plaintiff has requested leave to amend his complaint, is to allow the plaintiff to amend and proceed with the

---

[1] "Unlike for habeas corpus cases, see 28 U.S.C. § 2244(b), there is no preclusion on filing more than one PLRA suit." *Lira*, 427 F.3d at 1174.

[2] In *Lira*, the defendants argued that the dismissal in its entirety was required due to Congress' use of the word "action" and not "claim" in the text of § 1997e(a). *Lira*, 427 F.3d at 1171. Defendants in this case do not make that argument and therefore the Court does not address it. For a discussion on the issue see *Lira*, 427 F.3d at 1171-1173.

9

claims that have been exhausted. Since the Plaintiff's case mirrors those set forth above, Plaintiff should be allowed to proceed with his claims against the Defendants other than Defendant Blattel-Dunseith as long as allowing leave to amend is proper; the PLRA exhaustion requirement will not prevent this Court allowing Plaintiff leave to amend.

## 2. LEAVE TO AMEND

The Federal Rules Provide that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) (Reversed district court's denial of leave to amend, stating "leave to amend should be liberally granted 'when justice so requires.'"). "A liberal policy toward allowing amendments to correct errors in the pleadings clearly is desirable and furthers one of the basic objectives of the federal rules - the determination of cases on their merits." Wright & Miller, *Federal Practice and Procedure*, §1474, at 533-536. "[A] party may make a Rule 15(a) amendment to add, substitute, or drop parties to the action." *Id*. at 549-552.

Plaintiff has requested leave to amend his First Amended Complaint in order to dismiss Blattel-Dunseith as a defendant. "[A]bsent a good reason for denial - such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the non-moving party, or futility of amendment - leave to amend should be granted." *Kozorhorsky*, 332 at 1144 (internal citation omitted). The reasons cited by the Eighth Circuit, for denying a motion for leave to amend, are inapplicable to the present case. First, dismissing Defendant Blattel-Dunseith would not require any additional discovery or change of any trial schedule. Secondly, Plaintiff is not trying to add any claims or defendants by amendment. Thirdly, Plaintiff has not shown any bad faith in failing to dismiss Blattel-Dunseith

and until recently had been working pro se. Finally, the defect in Plaintiff's First Amended Complaint can be cured through dismissal of Blattel-Dunseith as a defendant. Just like in *Kozorhorsky*, no justification has been shown supporting denial of Plaintiff's request for leave to amend.

Plaintiff has exhausted his administrative remedies as to all Defendants other than Blattel-Dunseith and for the reasons stated above, this Court grants Plaintiff leave to amend his complaint to dismiss Defendant Blattel-Dunseith. Failure to exhaust administrative remedies as to one defendant under these facts does not necessitate dismissal of Plaintiff's First Amended Complaint in its entirety.

### C. FAILURE TO EXHAUST AS TO ALL CLAIMS

In addition to their argument that Plaintiff has failed to exhaust his remedies as to one of the parties, Defendants also assert that dismissal is required because Plaintiff has failed to exhaust his administrative remedies as to all claims asserted in his First Amended Complaint. Defendants argue that the allegations in Plaintiff's First Amended Complaint, that he was transferred to a more restrictive prison for "no legitimate reason" and transferred in retaliation for filing the present lawsuit, are claims that have not been addressed by Plaintiff through the appropriate grievance process and so have not been exhausted as required under *Graves*, 218 F.3d at 885. *Graves* holds that § 1997e(a) requires exhaustion as to all claims when multiple prison-condition claims have been joined. *Id*. Defendants argue that since Plaintiff has not exhausted his administrative remedies as to the aforementioned allegations, dismissal of the complaint in its entirety is required. *Id*.

The allegations contested by Defendants, that Plaintiff was transferred to a more restrictive prison for "no legitimate reason" and that he was transferred in retaliation for filing the present lawsuit, are found in the "Factual Allegations" section of Plaintiff's First Amended Complaint. Defendants allege that since Plaintiff incorporated by reference all of his factual allegations into each count of his First Amended Complaint, the allegations regarding Plaintiff's transfer are actual claims raised against them. *Def. Memo. in Support of Def. Mot. to Dismiss*, 4. Plaintiff expressly denies that the allegations regarding Plaintiff's transfer are bases for his actual claims, but states that they are merely factual allegations, as indicated by their heading in Plaintiff's First Amended Complaint, included to indicate what has transpired since Plaintiff filed his original petition. *Pl. Opp. to Def. Mot. to Dismiss*, 4.

The structure of Plaintiff's First Amended Complaint alone is sufficient to indicate that Plaintiff's factual allegations regarding his transfer are not the claims that he is bringing against Defendants. Although Plaintiff incorporates the factual allegation section into each of his counts for relief, this does not mean that those factual allegations now become a statement of the claims themselves. Plaintiff similarly incorporated the jurisdiction and law sections of his First Amended Complaint into his claims against the Defendants. Under the Federal Rules of Civil Procedure, "Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion." Fed. R. Civ. P. 10(c); see also Wright & Miller, *Federal Practice and Procedure*, §1326, at 426 ("[A]doption by reference within a single pleading has generated relatively few problems and is an extremely common practice . . . [f]acts alleged in connection with one count, defense, or paragraph may be incorporated by reference in a different count, defense or paragraph of the same pleading."). Furthermore, under the Federal Rules of

12

Civil Procedure, "[n]o technical forms of pleadings or motions are required." Fed. R. Civ. Pro. 8(e). "[T]he district court is obligated to make a determined effort to understand what the pleader is attempting to set forth and to construe the pleading in his or her favor, whenever justice so requires." Wright & Miller, *Federal Practice and Procedure*, §1286, at 748-750; *see also Mutual Creamery Ins. Co. v. Iowa Nat. Mut. Ins. Co.*, 427 F.2d 504, 508 (8th Cir. 1970) ("It is settled law that pleadings must be construed liberally in order to prevent errors in draftsmanship or the like from barring justice to litigants. Such pleadings must be construed favorably to the pleader and judged by substance rather than form.").

While Plaintiff's factual allegations regarding his transfer may suggest some unnecessary commentary, it is clear that they do not present entirely new and separate claims against the Defendants. The underlying premise of the allegations is to set the scene for the actual claims brought against Defendants, which occurred at different prisons and required Plaintiff's transfer. This Court finds that the Plaintiff clearly meant to set forth as claims those allegations involving religious service attendance and receipt of religious material by mail, and not the factual allegations regarding his transfer. As such, this Court finds that Plaintiff has exhausted all administrative remedies as to the claims brought against Defendants in his First Amended Complaint.

## V. CONCLUSION

Defendant seeks to dismiss the present action, by asserting that the Plaintiff has failed to exhaust his administrative remedies, as required under the PLRA, and therefore has failed to state a claim on which relief can be granted. While the Court has the ability to dismiss a case for failure to state a claim based on an affirmative defense, it is not appropriate in the present case.

13

*Burlison v. U.S.*, 627 F.2d 119, 122 (8th Cir. 1980) ("Although it may be unusual to uphold an affirmative defense at the pleading stage, when the defense is established on the face of the complaint, dismissal is appropriate."). While it was appropriate in this instance for Defendants to raise their affirmative defense in the Motion to Dismiss, this Court has determined that Plaintiff may amend his complaint in order to remove Defendant Blattel-Dunseith, therefore Plaintiff will have exhausted his remedies as to the remaining Defendants. As such, there is no insuperable bar to Plaintiff's relief and this Court finds that he has stated a claim upon which relief could be granted under the Federal Rules of Civil Procedure.

This Court will allow Plaintiff to amend his First Amended Complaint to remove the unexhausted Defendant and finds that Plaintiff has exhausted his administrative remedies as to all other defendants and claims. Therefore there is no basis for dismissal under the Federal Rules for failure to exhaust and Defendants' Motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request for leave to amend his First Amended Complaint to dismiss Sherry Blattel-Dunseith as a defendant, and proceed against the remaining defendants is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [doc. #66] as to remaining Defendants Jim Moore, Mary Riorden, James Gammon, Tom Anderson, Steve Long, Wendy Alexander and Terry Barnes is **DENIED**.

Dated this 14th day of December, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE