UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| ROY EUGENE HARRIS, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 2:04CV00073 ERW |
| | ) | |
| JIM MOORE, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for Bill of Costs [doc. #95] and Plaintiff's Motion to Alter or Amend the Judgment [doc. #100].

**I. MOTION FOR COSTS**

Under Federal Rule of Civil Procedure 54, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "A prevailing party is presumptively entitled to recover all of its costs." *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs . . . ." *168th and Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007). Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court may not award costs other than those authorized by § 1920 because this section "imposes rigid controls on cost-shifting in federal courts." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotation omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

The Court notes that Plaintiff in this case was proceeding *in forma pauperis* under 28 U.S.C. § 1915. The Eighth Circuit has held that "a judgment for costs may be made at the end of an IFP case as in any other case." *Scher v. Purkett*, 62 F.3d 1421, *1 (8th Cir. 1995) (*per curiam*). "A prevailing party may recover costs as a matter of course, if not precluded by federal law, whether the unsuccessful party is fee-paying or indigent." *Jackson v. Unknown Smith*, 116 F.3d 480, *1 (8th Cir. 1997) (*per curiam*).

The Court concludes that Defendants are entitled to costs in this case. The costs requested are not excessive, and are in accordance with those permitted under federal law. Specifically, Defendants request $577.15 for court reporter fees for transcripts that were used and submitted in support of their summary judgment motion, and $39.60 for photocopies. Both of these enumerated costs are authorized under the statute, and therefore the Court orders that Plaintiff pay $616.75 to Defendants.

## II. MOTION TO ALTER OR AMEND

Also pending before the Court is Plaintiff's motion to alter or amend the judgment. Plaintiff argues that this Court erred in granting summary judgment in favor of Defendants on the basis that there are material issues of fact still in dispute. Defendants dispute that there are any

issues of disputed fact, and further argue that Plaintiff has failed to point to any newly discovered evidence that would justify amending the judgment.

Federal Rule of Civil Procedure 59(e) allows for a motion to alter or amend the judgment within ten days after the entry of judgment. Fed. R. Civ. P. 59(e). The Court notes that Plaintiff's motion was filed on January 11, 2008, more than ten days after the entry of judgment on December 13, 2008. Therefore Plaintiff's motion is not timely under Rule 59(e).

Federal rule 60 also allows for relief from a judgment or order. Fed. R. Civ. P. 60. Specifically, Rule 60(b) provides six bases for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). The time limitation applicable under Rule 59(e) does not apply to Rule 60(b), and therefore the Court will construe Plaintiff's motion as one under Rule 60(b). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

The Court has reviewed the arguments presented by Plaintiff in his motion to alter or amend the judgment, and can find no basis for granting Plaintiff's request. The Court thoroughly addressed Plaintiff's claims in its motion for summary judgment. Plaintiff alleged violations of his First, Eighth, and Fourteenth Amendment rights, as well as violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA) due to Defendants' alleged limitations on Plaintiff's right to attend religious services, and to receive religious mail. The Court concluded that Plaintiff

3

was provided access to religious services, as well as to religious materials, and that although the contents of his mail was limited, it was limited in accordance with a generally applicable policy. The Court has reviewed the portions of deposition testimony which Plaintiff highlights in his motion to alter or amend the judgment, and does not find any new evidence that was not presented in opposition to Defendants' motion for summary judgment. Therefore, as Plaintiff has failed to raise any basis for relief from the judgment, Plaintiff's motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Costs [doc. #95] is **GRANTED**. Plaintiff shall pay Defendants' costs in the amount of $616.75.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment [doc. #100] is **DENIED**.

Dated this 28th Day of March, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE